CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/17/2023

LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| VIRGINIA PEARSON, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>)<br>) |
| | ) Case No.: 6:23CV00036 |
| CREDIT ACCEPTANCE CORPORATION, | )<br>) |
| A.S.A.P. TOWING OF CENTRAL VIRGINIA, LLC, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

Plaintiff, Ms. Virginia Pearson, by counsel, brings this action for damages to redress the violations of law pursuant to an unlawful repossession of her motor vehicle. Defendant A.S.A.P. Towing of Central Virginia, LLC ("ASAP") was hired by Credit Acceptance Corporation ("Credit Acceptance") to repossess Ms. Pearson's car, though she had an agreement with Credit Acceptance.

This Complaint is filed and these proceedings are instituted under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et. seq.* for actual and statutory damages and attorney's fees. Ms. Pearson also brings claims for violation of the Virginia Commercial Code (UCC) § 8.9A-101, *et. seq.*, for improper repossession of the motor vehicle and failure to provide proper notice that entitle her to statutory and actual damages. Ms. Pearson brings common law claims for conversion against Defendants for actual damages, punitive damages, attorney's fees and costs as the result of the Defendants' conversion of her property.

**PARTIES**

1

1. Plaintiff, Ms. Pearson, is a natural person and resident of Lynchburg, Virginia.

2. Defendant Credit Acceptance Corporation ("Credit Acceptance") is a Michigan corporation doing business throughout Virginia.

3. Credit Acceptance's registered agent is Corporation Service Company, 100 Shockoe Slip, Fl. 2, Richmond, VA 23219.

4. Defendant A.S.A.P. Towing LLC is a Virginia corporation operating in Bedford, Virginia and its registered agent is Whitney Dowdy, 2677 Timber Ridge Road, Bedford, Virginia 24523.

5. At all times relevant hereto, Credit Acceptance was a secured party as defined by the UCC.

6. Defendant ASAP uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests, including the taking of nonjudicial action to effect dispossession of property claimed as collateral through enforceable security interests.

7. Defendant ASAP is a debt collector as defined by the FDCPA. 15 U.S.C. § 1692a(6) (2022).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over Ms. Pearson's state law claims pursuant to 28 U.S.C § 1367(a).

10. Venue is proper in the Western District of Virginia, Lynchburg Division under 28 U.S.C. § 1391(b).

## FACTS

11. Ms. Pearson is an elderly woman retired from a career in the medical field.

12. Ms. Pearson went to Nissan in Lynchburg to purchase a motor vehicle on January 12, 2019.

13. Ms. Pearson bought a 2017 Toyota Yaris VIN VNKKTUD31HA072978 ("the vehicle").

14. The amount financed was $13,068.39 with monthly payments of $350.55. See Attached Exhibit A.

15. The retail installment sales contract was assigned to Credit Acceptance.

16. Ms. Pearson made payments on the vehicle but fell behind on or about May 2022.

17. Ms. Pearson and her daughter kept in contact with Credit Acceptance to make arrangements to address the missed payments.

18. Credit Acceptance came to terms with Ms. Pearson and agreed not to repossess the vehicle.

19. However, Credit Acceptance later went against the agreement and decided to utilize nonjudicial repossession measures and hired and directed ASAP to repossess the vehicle.

20. The duty to perform any repossession within the bounds of the law is nondelegable.

21. Credit Acceptance is liable for the conduct of ASAP.

22. Ms. Pearson woke up in July 19, 2022 and discovered that her vehicle was missing.

23. Ms. Pearson and her daughter contacted Credit Acceptance immediately to find out if it had the vehicle repossessed.

24. Credit Acceptance assured her that the vehicle was not repossessed and she should contact local law enforcement to report the vehicle stolen.

25. Ms. Pearson was extremely distraught that the vehicle was stolen, as she would have no transportation.

26. Ms. Pearson is elderly and the only transportation she has is the vehicle that her daughter can drive to take her to doctor's appointments, shopping and other errands.

27. Ms. Pearson notified law enforcement that the vehicle was stolen.

28. After several days of searching and talking to multiple people, a neighbor stated that a tow truck had been in the area the morning the vehicle was repossessed.

29. Based on this information, Ms. Pearson and her daughter called around to local tow companies looking for her vehicle.

30. Ms. Pearson's vehicle was finally found at ASAP in Bedford, Virginia.

31. Ms. Pearson and her daughter reported to Credit Acceptance the vehicle had been repossessed, even thought the parties had an agreement.

32. Credit Acceptance acknowledged that it made a mistake in repossessing the vehicle and telling her it was stolen.

33. Ms. Pearson never received any notices from Credit Acceptance after the repossession.

34. Defendants' conduct was willful, wanton, reckless and in conscious disregard of the rights of Ms. Pearson sufficient to justify an award of punitive damages.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Violation of the Fair Debt Collection Practices Act by ASAP

35. The allegations of the foregoing paragraphs are incorporated as if set forth fully herein.

36. ASAP was hired and engaged by Credit Acceptance to repossess Ms. Pearson's vehicle as collateral for the loan transaction.

37. No valid right to possession existed at the time of the repossession.

38. By its repossession, the Defendant took nonjudicial action to effect dispossession or disablement of Ms. Pearson's car at a time when there was no present right to possession of the vehicle.

39. In light of the agreement between Ms. Pearson and Credit Acceptance, ASAP had no present right to possession of the vehicle.

40. The FDCPA defines this conduct as unfair and prohibited conduct. 15 U.S.C. § 1692f(6)(A) (2022).

41. As a result of the acts and omissions of ASAP, Ms. Pearson has suffered actual damages and injury, including but not limited to, stress, mental anguish and suffering, emotional distress, humiliation, embarrassment and loss of the use of her vehicle.

42. ASAP's violations entitle Ms. Pearson to an award of actual and statutory damages, attorney's fee and costs. 15 U.S.C. § 1692k (2022).

## SECOND CAUSE OF ACTION
## UCC Violations

### Repossession in Violation of the UCC

43. The allegations of the foregoing paragraphs are incorporated as if set forth fully herein.

44. Credit Acceptance requested that ASAP repossess Ms. Pearson's vehicle and it acted at Credit Acceptance' direction.

45. A secured party is only entitled to self-help repossession upon default of the debtor. Va. Code Ann. § 8.9A-601 (2022).

46. Ms. Pearson and Credit Acceptance had an agreement regarding the payments and that Credit Acceptance would not repossess the vehicle.

47. Self-help repossession is a narrow exception to the usual rule of requiring a court to determine the rights of the parties before recovering property.

48. No court had issued an order granting possession of the vehicle to defendants.

49. Defendants had no right to seize the vehicle because of the agreement of the parties.

### Failure to Provide Proper Notice

50. The allegations of the foregoing paragraphs are incorporated as if set forth fully herein.

51. Credit Acceptance was required to provide the notice of the proposed sale. Va. Code Ann. §§ 8.9A-614, 623 (2022).

52. Credit Acceptance failed to provide any written pre-sale notice to Ms. Pearson after the repossession.

53. The failure to include the legally required items in the notice is a violation as a matter of law. Va. Code Ann. § 8.9A-614, cmt. 2 (2022).

54. As a result of the UCC violations by Credit Acceptance, Ms. Pearson is entitled to losses suffered from the failures, the credit service charge and 10% of the principal.

## THIRD CAUSE OF ACTION

### Conversion

55. The allegations of the foregoing paragraphs are incorporated as if set forth fully herein.

56. Ms. Pearson was title owner and in rightful possession of the vehicle.

57. Defendants intentionally and wrongfully exercised dominion and control over Ms. Pearson's vehicle inconsistent with her legal rights and deprived her of possession of the vehicle.

58. Defendants denied Ms. Pearson the access and use of her vehicle.

59. Defendants engaged in conduct with actual malice or willful, wanton and reckless disregard of Ms. Pearson's rights in converting the vehicle.

60. Defendants' actions in seizing Plaintiff's car when they had no right to do so constituted the tort of conversion, entitling Plaintiff to recover, among other things, actual damages for the loss of use and access to the vehicle, additional incurred costs, severe stress, mental anguish and suffering, emotional distress, humiliation and embarrassment at the loss of her vehicle, punitive damages, reasonable attorney's fee and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Virginia Pearson, by counsel, prays that this Court:

1. Assume jurisdiction of this case;

2. Award damages against Defendant Credit Acceptance for violations of the UCC in amount no less than the interest amount plus ten percent (10%) of principal and actual damages;

3. Award actual and statutory damages against ASAP for violation of the FDCPA;

4. Award actual and punitive damages against Defendants for conversion;

5. Award costs and actual damages;

6. Award reasonable attorney's fee; and

7. Award such other relief as the Court deems appropriate.

    Respectfully submitted,

    VIRGINIA PEARSON
    By Counsel

__/s Jeremy P. White_____
Jeremy P. White, Esquire
BLUE RIDGE CONSUMER LAW, PLLC
722 Commerce Street, Suite 215
Lynchburg, VA 24504
Phone: 434.201.6800
Fax:    434.485.5423
SBN:   48917
jeremy@consumerlawva.com
Counsel for the Plaintiff